UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION, )
)
       Plaintiff, )
)
vs. ) Case No.
)
)
HEYER-MURPHY, LLC, )
a Missouri liability company, )
)
**SERVE:** )
Stephen C. Murphy, Registered Agent )
190 Carondelet Ave. )
Clayton, MO  63105 )
)
And )
)
STEPHEN C. MURPHY, )
an individual, )
)
**SERVE:** )
Stephen C. Murphy )
190 Carondelet Ave. )
Clayton, MO  63105 )
)
       Defendants. )

## COMPLAINT

COMES NOW Plaintiff PNC Bank, National Association, successor to National City Bank, successor by merger to Pioneer Bank and Trust Company ("PNC") and for its complaint against Defendants, HEYER-MURPHY, LLC and Stephen C. Murphy, alleges and states as follows:

18999539v1

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff PNC Bank, National Association ("PNC") has its principal place of business in the State of Pennsylvania, and the state listed in its organization certificate and its articles of association is the State of Delaware.

2. Plaintiff PNC is a citizen of Delaware and a citizen of Pennsylvania.

3. Defendant HEYER-MURPHY, LLC ("HEYER") is a limited liability company organized and existing under the laws of the State of Missouri with its primary place of business and citizenship in the State of Missouri.

4. Defendant Stephen C. Murphy ("Murphy") in an individual and citizen of the state of Missouri, and the surviving member of HEYER.

5. On or about August 19, 2006, Pioneer Bank and Trust Company merged into National City Bank, N.A.

6. On or about November 9, 2009, National City Bank, NA merged into PNC Bank, National Association.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. This Court has personal jurisdiction over HEYER and Murphy (collectively "Defendants").

9. This Court is a proper venue pursuant to 28 U.S.C. §1391.

## COUNT I
### (Suit on Promissory Note against Defendant HEYER)

10. PNC repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 9.

11. On January 4, 2005, Defendant HEYER executed and delivered to Pioneer Bank and Trust Company a Promissory Note in the principal amount of $1,095,000.00 (as modified, amended, restated and/or renewed from time to time, the "HEYER Note"). A true a correct copy of the HEYER Note is attached hereto as **Exhibit 1**.

12. The HEYER Note is secured by, among other things, that certain Mortgage dated January 4, 2005 and recorded on January 20, 2005 at the Office of the Winnebago County Recorder of Deeds Office, as Instrument 0503753 encumbering, among other things, the real property commonly known as 5055 26th Avenue, Rockford, IL 61109 (the "Mortgage"); and the Assignment of Rents dated January 4, 2005 and recorded on January 20, 2005 at the Office of the Winnebago County Recorder of Deeds Office, as Instrument 0503754 (the "Assignment"). True and correct copies of the Mortgage and Assignment are attached hereto as **Exhibits 2 and 3**, respectively.

13. On or about April 16, 2009, Defendant HEYER executed and delivered to PNC a Forbearance Agreement. A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit 4.**

14. The HEYER Note was and is in default as a result of, among other things, the failure to pay the loan balance on the Maturity Date.

15. On or about March 31, 2011, PNC by and through its counsel, made demand upon Defendant HEYER for full payment under the HEYER Note. A true and accurate copy of the Demand Letter is attached hereto and incorporated by reference as **Exhibit 5.**

16. Despite demand for payment of the indebtedness due and owed under the HEYER Note, Defendant HEYER has failed and refused to pay the amount due and owing.

17. As of July 2, 2012, the balance outstanding pursuant to the HEYER Note was in the principal sum of $729,326.01, plus accrued and unpaid interest through July 2, 2012 in the sum of $3,140.15, together with late fees in the sum of $42,702.36, for a total indebtedness in the sum of $775,168.52 (but excluding any costs of collection and attorneys' fees). Interest continues to accrue at the contract rate of interest under the HEYER Note.

18. Under the terms of the HEYER Note, HEYER agreed to pay all of PNC's reasonable attorneys' fees and reasonable legal expenses incurred in connection with collecting the balance due under the HEYER Note.

WHEREFORE, Plaintiff PNC Bank, National Association, successor to National City Bank, successor by merger to Pioneer Bank and Trust Company, respectfully requests that this Court enter judgment in its favor and against Defendant HEYER as follows: (1) principal in the amount of $729,326.01; (2) interest though July 2, 2012 in the sum of $3,140.15; (3) late fees in the sum of $42,702.36; (4) interest accrued from July 3, 2012 at the contract rate under the HEYER Note; (5) post judgment interest; (6) all sums advanced by PNC to satisfy liens resulting from Defendant HEYER's failure to pay taxes, sewer, water bills, which have priority over PNC's Deeds of Trust; (7) attorneys' fees and costs and other fees and costs as provided by the HEYER Note; and (8) further relief that this Court deems just and proper.

## COUNT II
### (Appointment of Receiver for Rockford Property)

19. PNC repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 18.

20. Pursuant to Paragraph 4(i) of the Forbearance Agreement, the occurrence of a Termination Event (as defined therein) shall be deemed a consent to the appointment of a receiver in accordance with RSMo. §512.240 et seq., Missouri Supreme Court Rule 68.02, and any other statute, law or rule applicable to receivers under Missouri law.

21. This Court is empowered to appoint a receiver pursuant to RSMo. §515.240, 28 U.S.C. § 754, Missouri Supreme Court Rule 68.02, and Rule 66 of the Federal Rule of Civil Procedure.

22. Section 515.240 of the Revised Statutes of Missouri provides that:

> The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may he subject of a tender, and to keep and preserve all property and protect any business or business interest entrusted to him pending any legal or equitable proceeding concerning the same, subject to the order of the court.

23. Additionally, Missouri Supreme Court Rule 68.02 states that:

> Whenever in a pending legal or equitable proceeding it appears to the court that a receiver is necessary to keep, preserve and protect any business, business interest or property, including money or other thing deposited in court or the subject of a tender, the court, or any judge thereof in vacation, may appoint a receiver whose duty it shall be to keep, preserve and protect, to the extent and in the manner that the court may direct, that which the receiver is ordered to take into the receiver's charge.

24. This Court pursuant to 28 U.S.C. § 754 has the power to appoint a receiver to take over and manage and do any actions deemed necessary by the receiver and approved by this court to protect the assets then placed under management by the receiver.

25. A receiver is just and necessary to keep and preserve PNC's security interest in the property at 5055 26th Avenue, Rockford, Illinois 61109 (the "Rockford Property") for the following reasons:

   a. Defendant HEYER agreed to the appointment of a receiver in the event of default;

   b. PNC lacks other good and sufficient security from Defendant HEYER to further secure HEYER Note;

   c. Defendant HEYER is in default under said HEYER Note and has failed to cure its default;

   d. PNC has a vested interest in making the necessary repairs to the Rockford Property, satisfying liens created by HEYER which are superior to the Mortgage, reviewing all leases, collecting the rental income and reviewing any sales contracts of Defendant HEYER in connection with Rockford Property and in making sure that Rockford Property, together with all personal property thereon are not subject to waste, diversion or diminution.

26. PNC has no adequate remedy at law, and is in need of this Court's Order Appointing a Receiver to protect its interests in the Rockford Property and to keep, preserve and maintain the Rockford Property.

27. Without the appointment of a receiver to take control of the Rockford Property, PNC will suffer irreparable injury and loss.

28. PNC reserves the right, pursuant to the Mortgage and Assignment, to pursue any and all other remedies with respect to the HEYER Note described above, which may be available to PNC pursuant to the loan documents or applicable law.

WHEREFORE, Plaintiff PNC Bank, National Association, successor to National City Bank, successor by merger to Pioneer Bank and Trust Company prays this honorable Court for its Order against Defendant HEYER, LLC providing for the appointment of a Receiver over the Rockford Property (the "Collateral") pursuant to 28 U.S.C. § 754, Rule 66 of Federal Rules of Civil Procedure, Rule 68 of the Missouri Rules of Civil Procedure and Sections 515.240-515.260, R.S.Mo 1994 to take possession of, manage and operate the Collateral, to collect the rents, issues, income, profits, receivables and proceeds thereof, to apply the same to the payment of all amounts required in the Receiver's judgment for the preservation thereof; to sell the Collateral, subject to the provisions of 28 U.S.C. §§ 2001, 2002 and 2004 free and clear of liens, interests and encumbrances; provide authority for the Receiver to employ such real estate agents or brokers as the Receiver deems necessary or appropriate to assist in that process; and for such other and further relief as the Court deems just and proper.

## COUNT III
### (Suit on Guaranty against Stephen C. Murphy)

29. PNC repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 28.

30. On or about November 4, 2004, Stephen C. Murphy executed an Unconditional Guaranty dated January 22, 2007 under the terms of which he unconditionally guaranteed prompt payment of the HEYER Note to PNC ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit 6**.

31. In reliance on the Guaranty, PNC extended the loan to HEYER.

32. The Guaranty provides that PNC is entitled to collect from Defendant Stephen C. Murphy all indebtedness of Defendant HEYER under the HEYER Note, including attorneys' fees and costs incurred in enforcement of said Note and Guaranty.

33. Defendant HEYER defaulted with respect to HEYER Note.

34. PNC has made demand upon Defendant Murphy for payment of the aforesaid sums due to PNC, but Defendant has failed and refused to pay said sums to PNC. A true and correct copy of the demand letter is attached hereto as **Exhibit 5**.

35. PNC has performed all conditions precedent to enforcement of the Guaranty.

WHEREFORE, Plaintiff PNC Bank, National Association, successor to National City Bank, successor by merger to Pioneer Bank and Trust respectfully requests that this Court enter judgment in its favor and against Defendant Stephen C. Murphy as follows: (1) principal in the amount of $729,326.01; (2) interest though July 2, 2012 in the sum of $3,140.15; (3) late fees in the sum of $42,702.36; (4) interest accrued from July 3, 2012 at the contract rate under the HEYER Note; (5) post judgment interest; (6) all sums advanced by PNC to satisfy liens resulting from Defendant HEYER's failure to pay taxes, sewer, water bills, which have priority over PNC's Deeds of Trust; (7) attorneys' fees and costs and other fees and costs as provided by the HEYER Note; and (8) further relief that this Court deems just and proper.

Respectfully submitted,

**LATHROP & GAGE LLP**

/s/Laura Toledo
Wendi Alper-Pressman (32906MO)
Laura Toledo (56954MO)
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri 63105
Telephone: 314.613.2800
Telecopier: 314.613.2801
**Attorneys for Plaintiff**